UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SJIWANA TAYLOR, #235214,

          Petitioner,

v.
                                CASE NO. 24-CV-10395
                                HONORABLE SEAN F. COX

JEREMY HOWARD,

          Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING THE MOTION TO STAY THE PROCEEDINGS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.   INTRODUCTION**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Sjiwana Taylor ("Petitioner") was convicted of second-degree murder, Mich. Comp. Laws § 750.317, following a jury trial in the Jackson County Circuit Court and was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 30 to 75 years in prison in 2020. In her petition, she raises 13 claims concerning an unavailable witness, the conduct of the prosecutor, her confrontation rights, the effectiveness of trial counsel (multiple claims), the sufficiency of the evidence, the jury instructions, her equal protection rights, the effectiveness of appellate counsel, trial counsel's alleged conflict of interest, her rejection of a plea offer, and her co-defendant's appeal. ECF No. 1. Petitioner has also filed a motion to stay the proceedings and hold her petition in abeyance because several of her habeas claims have not been exhausted in the state courts. ECF No. 3.

Having reviewed the matter and for the reasons set forth, the Court concludes that Petitioner has not properly exhausted state court remedies as to all of her habeas claims and that a stay is unwarranted. Accordingly, the Court shall dismiss without prejudice the habeas petition and deny the motion to stay the proceedings. The Court shall also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

## II. PROCEDURAL HISTORY

Following her conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals alleging that the trial court erred in admitting unavailable witness's preliminary examination testimony, that trial counsel was ineffective for failing to request a defense of others jury instruction, and that the evidence was insufficient to support her second-degree murder conviction. The Michigan Court of Appeals denied relief on those claims and affirmed her conviction. *People v. Taylor*, No. 359957, 2023 WL 2144749 (Mich. Ct. App. Feb. 21, 2023). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Taylor*, 512 Mich. 909, 993 N.W.2d 832 (Aug. 22, 2023).

Petitioner dated her federal habeas petition on Feb. 1, 2024 and completed a declaration of mailing on February 12, 2024. ECF No. 1, PageID.22-23.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). First presenting a claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet her burden of demonstrating exhaustion of state court remedies. In fact, she admits that she presented certain claims only to the Michigan Supreme Court (and not the Michigan Court of Appeals) for review, and that she has not presented certain claims to any of the Michigan courts for consideration. ECF No. 1, PageID.7, 9, 13-18. Petitioner has thus failed to fully exhaust all of her habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to

3

present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a federal habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-135 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is

4

likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, she may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising her unexhausted claims before the state trial court and then pursue those claims in the state appellate courts as necessary.

Petitioner acknowledges as much and seeks a stay of the federal habeas proceedings to properly exhaust her claims in the state courts. ECF No. 3. A stay, however, is unwarranted. First and foremost, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as she pursues state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of her direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about November 20, 2023. The one-year period then ran until February 12, 2024 when Petitioner submitted her federal habeas petition to prison officials for mailing to the Court. Consequently, less than three months of the one-year period had run when she instituted this action.

While the time in which her habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004).

5

The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than nine months of the one-year period remains, Petitioner has ample time in which to fully exhaust all of her habeas claims in the state courts and then return to federal court on a perfected petition should she wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to establish good cause for not exhausting all of her claims in the state courts before seeking federal habeas review. The fact that defense counsel did not raise the unexhausted claims at trial or on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of her claims on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, Petitioner's unexhausted claims concern matters of federal law and may not be plainly meritless. Her unexhausted claims should thus be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court cannot apply the standard of 28 U.S.C. § 2254.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims, that she has available state court remedies by which to exhaust her unexhausted claims, and that a stay of the proceedings is unwarranted. Accordingly, the Court dismisses without prejudice the habeas petition and denies the motion to stay the proceedings. Should Petitioner wish to delete the unexhausted claims and proceed only

6

on her fully exhausted claims, she may move to re-open this case and amend her habeas petition to proceed only on the properly exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of the habeas claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

Dated: February 26, 2024                              s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge